## McLAUGHLIN *v.* ATLANTIC AVE. R. CO.

*(City Court of Brooklyn, General Term. January 26, 1891.)*

TRIAL—INSTRUCTIONS.

    The plaintiff testified that, while a passenger on the defendant's car, she signaled the conductor to stop; that the car came to a "dead stop;" that when she was leaving the platform the car started suddenly, and threw her off. *Held,* that a request charging "that if, after the car started, she could have retained her position on it, but, instead of doing so, elected to step from the car so started up, she could not recover," was not prejudicial to plaintiff, when there was no evidence whatever to support the charge, and the plaintiff did not object thereto on that account at the trial.

Appeal from trial term.

Argued before VAN WYCK and OSBORNE, JJ.

*G. Arnold Moses,* for appellant,    *Tracy, McFarland, Boardman & Platt,* for respondent.

VAN WYCK, J. This action was brought to recover damages for personal injuries alleged to have been inflicted upon plaintiff through the negligence of defendant. The jury rendered a verdict in favor of defendant; and from the judgment entered thereupon, and from the order denying a new trial, the plaintiff has appealed to this court. The plaintiff alone testifies to the alleged occurrences which she insists establish the negligence of defendant. The conductor or driver, or both, of each car that passed the alleged place of

accident within a half hour of the alleged time thereof, denied the occurrences sworn to by plaintiff. We have carefully read and weighed the testimony, and do not feel called upon or disposed to disturb the verdict as against the weight of evidence. The exception to the exclusion of testimony offered for the purpose of enhancing the damages was disposed of by the verdict of the jury that defendant was not liable for any of her injuries, be they great or small. We do not think error can be predicated upon the exception found, because there was no actual refusal to charge the request of plaintiff, but, on the contrary, it was really charged, and because the court did not charge the so-called request of defendant, even if this interjection of defendant can be construed to be a request, which we do not assent to.

This leaves only one other exception for our consideration. Let us see if the request objected to was a sound proposition of law, applied to the circumstances of this case, or, if not sound in abstract, did it tend to injure the plaintiff before the jury. The plaintiff alone testified to the alleged occurrences from which the jury was asked to infer negligence on the part of defendant. The most critical and cautious examination of her testimony discloses a single story of the accident, without contradiction, direct or inferential. She says, while a passenger on defendant's car, at the corner of Adams and Tillary streets, she signaled the conductor to stop, and that it came to a "dead stop," when she placed her right foot on the step, leaving her left on the platform, and then she was just removing her left foot from the platform to make the next step to the ground when the car started suddenly, and threw her off. This story she sticks to, without variance. The request complained of charged that if, after the car started, she could have retained her position on it, but, instead of doing so, she elected to step from the car so started up, then she could not recover. We do not think this an error, when considered in connection with her testimony; for it would negative her story, upon which her sole reliance to recover was based. We do not think it hurt her with the jury; for there was not a *scintilla* of evidence that she could have retained her position on the car after it started, and that, instead of doing so, she stepped off the moving car. The plaintiff did not intimate to the trial court that there was no testimony to which the request could be applied. We, for the above reasons, think the judgment and order should be affirmed, with costs.